IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

K.S.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

    Defendant.

Case No. 22-1015-DDC

## MEMORANDUM AND ORDER

Before the court is plaintiff's Application For Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 4), docketed January 18, 2022. Plaintiff's Complaint asks the court to review an unfavorable decision from the Acting Commissioner of the Social Security Administration about plaintiff's "applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income[.]" Doc. 1 at 1 (Compl. ¶ 4). Plaintiff's filing includes an Affidavit of Financial Status supporting plaintiff's request. Doc. 4 at 2–7.

Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit plaintiff to commence an action without prepayment of fees—*i.e.*, to proceed *in forma pauperis* (IFP)—if certain conditions are satisfied. Although the statute speaks of incarcerated individuals, it "applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted).

Section 1915(a)(1) requires that plaintiff demonstrate an inability to afford the costs of

---

[1] The court makes all of its "Memorandum and Order[s]" available online. Therefore, as part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption these opinions using only plaintiff's initials.

litigation. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant motions to proceed IFP. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (internal quotation marks and citation omitted). But, the court may not rule such requests arbitrarily or erroneously. *Id.* Thus, "to succeed on a motion to proceed IFP," a movant simply "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised in the action." *Lister*, 408 F.3d at 1312 (citation omitted).

Exercising its discretion, the court finds that plaintiff has made this requisite showing. The motion asserts that plaintiff is "without means to pay the fees, costs or security to file an action . . . ." Doc. 4 at 1. And, the affidavit attached to the motion testifies that plaintiff is unemployed and has no financial assets. Doc. 4 at 3–6. Last, plaintiff's Complaint alleges "a reasoned, nonfrivolous argument . . . in support of the issues raised in the action." *Lister*, 408 F.3d at 1312 (citation omitted). So, plaintiff has "show[n] a financial inability to pay the required filing fees" for facially legitimate allegations. *Id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Application For Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 4) is granted. The Clerk is directed to prepare a summons on plaintiff's behalf under Fed. R. Civ. P. 4. In addition, the Clerk shall issue the summons to the United States Marshal or Deputy Marshal, who the court appoints to effect service under Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

**Dated this 21st day of January, 2022, at Kansas City, Kansas.**

                                       s/ Daniel D. Crabtree
                                       Daniel D. Crabtree
                                       United States District Judge